THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JORGE LUIS MONROIG RODRÍGUEZ, Defendant and Appellant.

No. Cr-62-290. Decided March 11, 1963.

*J. P. Quiñones Rivera* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Jorge Luis Monroig Rodríguez was charged with and found guilty of a violation of § 5–801 of the Vehicle and Traffic Law of Puerto Rico, Act No. 141 of July 20, 1960, 9 L.P.R.A. § 1041, consisting in that on March 5, 1961 he was driving and operating a motor vehicle under the influence of intoxicating liquor. He was sentenced to serve 30 days' imprisonment in jail and his driver's license was suspended for a period of one year.

On appeal, the errors assigned challenge the sufficiency of the evidence. We sum up the evidence hereinbelow.

Luis Correa Román [1] testified that he was in the company of defendant on March 5, 1961; that they went to a restaurant to have dinner, but were unable to do so because there was no food; that he took one beer, but could not say how many appellant had; that on the way back to San Juan they were dazzled by the lights of an oncoming car, and that in order to avoid a collision appellant swerved and ran into the railing of a bridge. Sergeant Luis G. Colón testified that he saw

---

[1] He was also produced as the only defense witness.

Monroig at police headquarters of Naguabo where he was taken by Captain Luis Rivera Morales; that he noticed that he had taken intoxicating liquor and that for that reason Captain Rivera had asked him in his presence to submit to a blood test, to which he consented; that he was instructed to handle the case, which he did, and took appellant to the Municipal Hospital of Naguabo to have the sample taken. Chemist Francisco Román Cruz, who analyzed the sample, testified that the result was .18 per cent by weight of alcohol in the blood.

Appellant Monroig testified that in order to avoid a collision with another oncoming vehicle which "ran into me with the lights on," he swerved his automobile and collided against the railing of a bridge; that because of the accident he waited for the police to arrive; that Captain Rivera ordered Sergeant Colón to take him to have the blood taken; that he was taken to the Municipal Hospital of Naguabo and the sample was taken; and that one of the samples and copy of the notice of remittance were delivered to him.

 In fact, the only evidence introduced to establish the offense was the result of the analysis of the sample taken to defendant, since the bare statement of Sergeant Colón that "I noticed that he had taken intoxicating liquor" is but the expression of an opinion, without stating the facts object of the trial. However, subd. (b) (3) of the section violated clearly provides "if there was at the time of the analysis fifteen (15) hundredths of one (1) per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation." Since this is so, defendant was bound to overcome the effect of the presumption. An examination of his testimony reveals that he failed to do so; in fact, he did not even attempt to do it. *People* v. *Superior Court; Carrión, Int.*, 86 P.R.R. 791 (1962) ; *People* v. *Echevarría, ante*, p. 196; *People* v. *Riego, ante*, p. 554;

*cf. People* v. *Soto, post,* p. 653; *People* v. *Comas, post,* p. 640; and *People* v. *Hernández,* 86 P.R.R. 753 (1962).

The other issues posed by appellant are frivolous.

The judgment rendered by the Superior Court, Humacao Part, on September 11, 1961 will be affirmed.